## In re FOLLANSBEE BROS. CO.
### No. 18787.

District Court, W. D. Pennsylvania.
Feb. 2, 1937.

W. Denning Stewart, of Pittsburgh, Pa., and Lewis A. Pinkussohn, of New York City, for Independent Bondholders Committee.

William B. Paul, of Pittsburgh, Pa., for debtor.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for Bondholders' Protective Committee.

Bialas & Ryan, of Pittsburgh, Pa., for Common Stockholders' Protective Committee.

District Court, W. D. Pennsylvania.
Feb. 5, 1937.

**384**

Sherriff, Lindsay, Weis & Hutchinson, of Pittsburgh, Pa., for State of West Virginia, Brooke County, W. Va., City of Follansbee, W. Va., School Unit of Brooke County, W. Va., Robert M. Lowe, Sheriff, County Treasurer, and Collector of Taxes of said Taxing Authorities.

Strassburger & McKenna, of Pittsburgh, Pa., for London Guarantee & Accident Co., and Unsecured Creditors' Protective Committee.

GIBSON, District Judge.

The special master reported as a claim entitled to priority one by Sheriff Robert M. Lowe, of Brooke county, W. Va., for taxes upon real estate due the state, the school district of Brooke county, and the city of Follansbee, W. Va. The claim was for $18,810.55, with interest at the rate of 9 per cent. per annum, upon one-half thereof from December 1, 1933, and upon the other half from June 1, 1934.

Exceptions were filed thereto by London Guarantee & Accident Company, an unsecured creditor, and by the Unsecured Creditors' Protective Committee.

The facts were substantially as follows:

On April 30, 1934, the debtor company gave the claimant a check for $18,340.30, in payment of the taxes due, drawn upon the Union National Bank of Pittsburgh, and receipts were given by the sheriff. On May 12, 1934, the check was deposited in the Wellsburg Bank & Trust Company, and on May 14, 1934, was presented to the Union National Bank, which refused payment. On May 8, 1934, the Union National Bank applied the total amount of the deposit of Follansbee Bros. Company, $44,604.79, upon its demand note for $62,500. Upon May 11, 1934, receivers were appointed for the company.

Upon hearing of the exceptions, it was conceded by counsel for the exceptants that the mere delivery of a check did not constitute a payment of the taxes; also, that a state or municipality, in the ordinary case, is not to be deprived of its tax by reason of any negligence of its agent in the collection of it. It is asserted that the case comes within an exception to the general rule, and that general creditors were innocent parties injured by the negligence of the collector. Also, exceptants urge that the claim is not entitled to priority under any circumstances.

The contentions of counsel for the exceptants were considered with considerable care by the special master and rejected. The court, finding itself in accord with the reasoning and findings of the special master, adopts his language without repeating it here.

The exceptions will be dismissed.